UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

        Petitioner,

v.

        CIVIL NO. 2:15-CV-12429
        HONORABLE DENISE PAGE HOOD
        UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

    Scott Andrew Witzke, ("Petitioner"), confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges the Michigan Parole Board's 2014 decision to revoke his parole for several convictIons for uttering and publishing. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. Background

    Petitioner is currently serving sentences for four convictions of

uttering and publishing out of Hillsdale, Oakland, and Wayne Counties. Petitioner was placed on parole in May of 2013. Petitioner was later charged with violating several terms of parole. On May 23, 2014, petitioner pleaded guilty before a parole hearing officer to violating two terms of his parole, namely, by possessing a debit card and a credit card. A hearing on the remaining parole violations was conducted on August 13, 2014. Petitioner was found guilty of violating a separate condition of his parole by being convicted of a new felony offense. The hearing examiner recommended that petitioner's incarceration be continued. On September 24, 2014, the Michigan Parole Board adopted the recommendation, revoked petitioner's parole, and continued his incarceration for 12 months.

Petitioner filed a petition for writ of habeas corpus, claiming that the Michigan Parole Board violated his right to due process by revoking his parole without first conducting an in-person hearing with petitioner and without giving petitioner an opportunity to present mitigating evidence. By his own admission, petitioner did not attempt to seek relief in the state courts but claims he has no remedy. Respondent has filed an answer to the petition. As part of the answer, respondent argues that the petition is subject to dismissal because petitioner did not exhaust his claims with the

2

state courts and has a remedy with which to do so.

## II. Discussion

The instant petition is subject to dismissal because petitioner has yet to exhaust his claims with the state courts and has an available remedy to do so.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a

habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available remedy to exhaust his parole revocation claims.

In *Caley v. Hudson,* 759 F. Supp. 378, 379-81 (E.D. Mich. 1991)(Duggan, J.), another judge in this district held that an inmate who challenged his confinement for a parole violation by the Michigan Parole Board had an available state remedy in the form of a state habeas corpus action and the failure of the inmate to exhaust that available state court remedy required dismissal of his federal habeas petition.

The judge in *Caley* based his decision on the case of *Triplett v. Deputy Warden, Jackson Prison,* 142 Mich. App. 774, 779; 371 N. W. 2d 862 (1985), in which the Michigan Court of Appeals held that review of a parole revocation decision was permissible upon the prisoner filing a complaint for writ of habeas corpus in the state trial court. *Id.* (*citing to In Re Casella,* 313 Mich. 393; 21 N. W. 2d 175 (1946). There is no limitation on the time in which a complaint for writ of habeas corpus is filed, so long as the prisoner is in custody at the time that the judgment becomes effective. *Triplett,* 142 Mich. App. at 779. Although orders of denial in a state habeas corpus proceeding in Michigan are not appealable by right,

these orders may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *Triplett,* 142 Mich. App. at 779-780; *Parshay v. Warden of Marquette Prison,* 30 Mich. App. 556, 558; 186 N. W. 2d 859 (1971).  Denial of this petition by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court by filing an application for leave to appeal. M.C.R. 7.301 (A)(2); M.C.R. 7.302. [1]

A number of other judges have likewise ruled that a state habeas action can be used to exhaust a parole revocation claim. *Johnson v. Brewer*, No. 15-CV-11208, 2015 WL 4642862, at *2 (E.D. Mich. Aug. 4, 2015)(Berg, J.); *Pajer v. Gidley*, No. 15-CV-10376, 2015 WL 669319, at *2 (E.D. Mich. Feb. 17, 2015)(Leitman, J.); *Proulx v. Bell*, No. 09-CV-11992, 2009 WL 1637031, at * 1-2 (E.D. Mich. June 11, 2009)(Battani, J.); *Knuckles v. Bell*, No. 08–CV–10942, 2008 WL 1743494, at * 1 (E.D.Mich. April 14, 2008)(Duggan, J.); *Swantak v. Romanowski*, No. 08–CV–10126, 2008 WL 186127, at *1–2 (E.D.Mich. Jan.18, 2008) (Zatkoff, J.); *Simmons v. Michigan Dept. of Corrections Parole Bd.*, No. 2:07–CV–15442, 2008 WL

---

[1] The court in *Caley* recognized, as does this Court, that an alternative method of challenging the revocation of parole would be for an inmate to institute an action under the Michigan Administrative Procedures Act ("APA"), Mich. Comp Laws § 24.303(3).  However, the APA requires that appeals from Parole Board rulings must be made within 60 days of the ruling. *Caley,* 759 F. Supp. at 379, fn. 1, *citing to* Mich. Comp Laws § 24.304 (1).  Because the Parole Board revoked petitioner's parole on September 24, 2014, the time to seek relief from the Parole Board's ruling under the APA has expired.

62459, at * 1 (E.D.Mich. Jan.3, 2008)(Cohn, J.).

Petitioner claims that it would be futile to attempt to use a state habeas petition to exhaust his parole revocation claim because Michigan law permits the use of a state habeas petition only to challenge radical jurisdictional defects.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto*, 207 F. Supp. 2d at 676. A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *See Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

Although petitioner claims that it would be futile to exhaust his remedies in state court, petitioner's actual failure to pursue his claims in state court "disqualifies his case from consideration under the narrow exception [to the exhaustion requirement]". *See Dillon v. Hutchinson,* 82 Fed.Appx. 459, 462 (6th Cir. 2003). Petitioner's 1988 habeas case, in which he challenged a prior parole revocation, is distinguishable from his

current petition because in that case petitioner did make an attempt to challenge his parole revocation in the state courts. *See Witzke v. Withrow*, 702 F. Supp. 1338, 1350 (W.D. Mich. 1988); See also *Caley*, 759 F. Supp. at 379-80 (distinguishing the *Witzke* case by noting that the judge in that case noted that the petitioner had sought relief in the Michigan Court of Appeals and that the clerk of that court twice refused to accept petitioner's application).

The recent Michigan Supreme Court case of *Kenney v. Booker,* 494 Mich. 852; 830 N.W. 2d 382 (2013) does not alter this Court's conclusion that petitioner can utilize the state habeas procedure to challenge his parole revocations. The Supreme Court in *Kenney* noted that the prisoner in that case challenged the legal standard employed by the Parole Board to revoke his parole and claimed that the evidence was insufficient to establish an actual violation of parole. The Supreme Court held that these errors did not constitute radical defects that rendered void the proceedings of the Parole Board. *Id.*

Petitioner in this case, claims that the Michigan Parole Board violated his due process rights by revoking his parole based on the recommendation of the parole hearing officer without the Parole Board first

conducting an in-person interview with petitioner to entertain mitigating evidence from him before revoking his parole.

In *Morales v. Michigan Parole Board,* 260 Mich. App. 29; 676 N.W. 2d 221 (2003), the Michigan Court of Appeals indicated that a prisoner could file a petition for writ of habeas corpus in the state courts to challenge a parole revocation. *Id.* at 40. Although acknowledging that a state habeas petition could be brought only to challenge a radical jurisdictional defect, the Michigan Court of Appeals noted that: "'A radical defect in jurisdiction contemplates ... an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission.'" *Id.* (internal quotations omitted). The Michigan Court of Appeals concluded:

> Therefore, under certain radical circumstances, a prisoner has a right to file a complaint for habeas corpus. Although not a completely exhaustive list, in the unlikely scenario where the Parole Board has denied a prisoner parole exclusively on the basis of his race, religion, or national origin, a complaint for habeas corpus would be proper.

*Morales v. Michigan Parole Bd.*, 260 Mich. App. at 40-41.

Petitioner contends that the Michigan Parole Board violated his Fourteenth Amendment right to due process by revoking his parole without first giving petitioner an opportunity to be heard on the issue of mitigation

and on possible dispositions of his case, which could include continuing him on parole. Petitioner cites to *Morrissey v. Brewer*, 408 U.S. 471 (1972), in which the Supreme Court held that among the due process rights that are to be afforded to a parolee who is accused of violating his or her parole is a revocation hearing, in which the parolee "must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Id.* at 488.

Petitioner argues that the Michigan Parole Board violated an express legal requirement by revoking his parole without allowing petitioner an opportunity to be heard and to offer mitigating evidence. Because the Michigan Parole Board's alleged act or omission could qualify as a radical jurisdictional defect, petitioner would be able to file a state habeas petition to challenge his parole revocation.

Accordingly, the Court will dismiss the instant petition without prejudice.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To

demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma*

*pauperis* on appeal. *Id.*

## III.  CONCLUSION

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.  The Court further **DENIES** a certificate of appealability.  The Court grants petitioner leave to appeal *in forma pauperis.*

IT IS FURTHER ORDERED that the Motion to Compel Service of Rule 5 Materials (#17) is **MOOT and DENIED** without prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  October 16, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 16, 2015, by electronic and/or ordinary mail.

S/LaShawn Saulsberry
Case Manager
