UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

       Petitioner,

                                CIVIL NO. 2:15-CV-12429
v.                              HONORABLE DENISE PAGE HOOD
                                UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION TO ALTER OR AMEND JUDGMENT AND/OR THE MOTION FOR RECONSIDERATION, DENYING A CERTIFICATE OF APPEALABILITY FROM THE DENIAL OF THE MOTION, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS* FROM THE DENIAL OF THE MOTION**

On October 16, 2015, this Court summarily dismissed the petition for a writ of habeas corpus on the ground that petitioner failed to exhaust his claims regarding his parole revocation and did not show that it would be futile to do so. *Witzke v. Brewer*, No. 2:15-CV-12429, 2015 WL 6108301 (E.D. Mich. Oct. 16, 2015).  The Court declined to issue a certificate of appealability but granted petitioner leave to appeal *in forma pauperis*.  The Court denied as moot petitioner's motion to compel service of the Rule 5 materials. *Id.*

Petitioner has filed a motion to alter or amend judgment and/or a

1

motion for reconsideration.  For the reasons that follow, the motion is DENIED.

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. See *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. See e.g. *Taylor v. DaimlerChrysler AG,* 313 F. Supp. 2d 703, 706 (E.D. Mich. 2004); *aff'd* 124 Fed. Appx. 661 (6th Cir. 2005).

Petitioner alleges that this Court erred in summarily dismissing his petition on exhaustion grounds, arguing that it would be futile for him to attempt to exhaust his parole revocation claims because the State of

Michigan does not provide any available remedies with which he can do so. Petitioner also claims that this Court erred in denying his motion to compel service of the Rule 5 materials.

Petitioner in his original petition argued that he had no available state court remedies with which to exhaust his claims. This Court at great length rejected petitioner's futility argument in the opinion and order of summary dismissal. Because the Court summarily dismissed the petition, the Court further believed that there was no reason to order that the Rule 5 materials be served on petitioner. Because petitioner's motion presents the same issues previously ruled upon by the Court, petitioner is unable to establish that he is entitled to have the Court reconsider its previous decision to summarily dismiss his petition for writ of habeas corpus. *Taylor,* 313 F. Supp. 2d at 706. The motion to alter or amend judgment and/or the motion for reconsideration is denied.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 Fed. Appx. 480, 486 (6th Cir. 2008)(issue of whether district court abused its discretion in denying defendant's motion for reconsideration was not the issue he was granted authority to appeal by district court in certificate of

appealability, rendering the Court of Appeals without authority to reach the merits of claim challenging calculation of time period for filing motion for reconsideration). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's motion to alter or amend judgment and/or for reconsideration, the issues are not frivolous; therefore, an appeal could

be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

### ORDER

Accordingly, the Court **DENIES** the Motion to Alter or Amend Judgment and/or Motion for Reconsideration. [Dkt. # 20].

The Court further **DENIES** a certificate of appealability.

The Court grants petitioner leave to appeal *in forma pauperis.*


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 10, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager