UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

        Petitioner,

                   CIVIL NO. 2:15-CV-12429
v.               HONORABLE DENISE PAGE HOOD
                   CHIEF UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER DENYING AS MOOT THE MOTION FOR AN ORDER TO ENLARGE PETITIONER TO BOND**

On October 16, 2015, this Court summarily dismissed the petition for a writ of habeas corpus on the ground that petitioner failed to exhaust his claims regarding his parole revocation and did not show that it would be futile to do so. *Witzke v. Brewer*, No. 2:15-CV-12429, 2015 WL 6108301 (E.D. Mich. Oct. 16, 2015). The Court declined to issue a certificate of appealability but granted petitioner leave to appeal *in forma pauperis*.

Petitioner filed a notice of appeal. The Sixth Circuit granted petitioner a certificate of appealability on his claim that this Court erred in dismissing his habeas petition on exhaustion grounds, appointed counsel for petitioner, and ordered briefing. *Witzke v. Brewer,* No. 15-2437 (6th Cir.

1

May 10, 2016).  A decision has not been rendered in that case yet.

On May 26, 2016, petitioner was released on parole by the Michigan Parole Board.

Petitioner has now filed a motion to be released on bond pending a decision by the Sixth Circuit.  For the reasons that follow, the motion is DENIED AS MOOT.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *See Preiser v. Newkirk,* 422 U.S. 395, 401 (1975).  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).  Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice,* 256 F. App'x 748, 750 (6th Cir. 2007).

Petitioner's release on parole moots his request to be released on bond. *See Morse v. Trippett,* 102 F. Supp. 2d 392, 413 (E.D. Mich. 2000), *vacated on other grds,* 37 F. App'x 96 (6th Cir. 2002); *See also Morton v. Zych*, No. CIV.A. 09-12855, 2010 WL 743042, at *2 (E.D. Mich. Feb. 26, 2010); *Puertas v. Overton*, No. CIV.A. 03-40157, 2008 WL 4239032, at * 2, n. 2 (E.D. Mich. Sept. 11, 2008). Petitioner, however, may renew his motion for bond should his parole be revoked. *Morse v. Trippett*, 102 F. Supp. 2d at 413.

## ORDER

Accordingly, the Court **DENIES AS MOOT** the Motion For An Order Enlarging Petitioner to Bond. [Dkt. # 27].


Dated: July 27, 2016         s/Denise Page Hood
                             HON. DENISE PAGE HOOD
                             CHIEF UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2016, by electronic and/or ordinary mail.

                             S/LaShawn R. Saulsberry
                             Case Manager

3