UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

        Petitioner,

                CIVIL NO. 2:15-CV-12429
v.              HONORABLE DENISE PAGE HOOD
                CHIEF UNITED STATES DISTRICT JUDGE
SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR
RECONSIDERATION AND/OR A CERTIFICATE OF APPEALABILITY**

This Court summarily dismissed the petition for a writ of habeas corpus on the ground that petitioner failed to exhaust his claims regarding his parole revocation and did not show that it would be futile to do so. *Witzke v. Brewer*, No. 2:15-CV-12429, 2015 WL 6108301 (E.D. Mich. Oct. 16, 2015). The Court declined to issue a certificate of appealability but granted petitioner leave to appeal *in forma pauperis*.

The Sixth Circuit granted petitioner a certificate of appealability on his claim that this Court erred in dismissing his habeas petition on exhaustion grounds, appointed counsel for petitioner, and ordered briefing. *Witzke v. Brewer,* No. 15-2437 (6th Cir. May 10, 2016). A decision has not been

1

rendered in that case yet.

On May 26, 2016, petitioner was released on parole by the Michigan Parole Board.

Petitioner filed a motion to be released on bond pending a decision by the Sixth Circuit. On July 27, 2016, this Court denied the motion as moot, because petitioner had been released on parole.

Petitioner has filed a motion for reconsideration of the Court's decision to deny parole. In the alternative, petitioner moves for a certificate of appealability on his bond issue. For the reasons that follow, the motion is DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.

Supp. 426, 427 (E.D. Mich. 1997).

Petitioner is merely attempting to re-hash arguments that he previously raised in his motion to be released on bond. The Court will therefore deny petitioner's motion for reconsideration, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's bond motion. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

Petitioner in the alternative requests a certificate of appealability from the Court's denial of his bond motion.

The Sixth Circuit Court of Appeals has yet to formally address whether a certificate of appealability is required to appeal the denial of a habeas petitioner's motion for release on bond. *See Lordi v. Ishee*, 22 F. App'x. 585, 586 (6th Cir. 2001). However, the Sixth Circuit Court of Appeals had held that "a certificate of probable cause is a prerequisite to appealing the denial of a bail motion in a habeas proceeding." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). The rule concerning certificates of appealability is basically the same as the rule governing certificates of probable cause. *See Sims v. U.S.*, 244 F. 3d 509 (6th Cir. 2001). This

Court assumes a certificate of appealability is a necessary prerequisite to the filing of an appeal from the denial of a habeas petitioner's motion for release on bond. *See Wingo v. U.S.,* 341 F. App'x. 132, 138-39 (6th Cir. 2009)(Moore, J., dissenting)(Sixth Circuit lacked jurisdiction over appeal from the district court's denial of bond pending appeal of the denial of a motion to vacate sentence when no certificate of appealability granted on that issue).

The Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's denial of his bond motion to be debatable.

## ORDER

Accordingly, the Court the Motion For Reconsideration And/Or Motion for a Certificate of Appealability [Dkt. # 31] is **DENIED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: September 9, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 9, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager